NO. 07-02-0109-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 11, 2003

_____

LLOYD ORVILLE ROBERTSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 44,095-E; HONORABLE RICHARD DAMBOLD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**[1]

On February 19, 2002, a Potter County jury convicted appellant Lloyd Orville Robertson of aggravated assault against a public servant. The following day, the jury assessed as punishment a sentence of confinement for a period of 99 years. In his sole

_____

[1]Tex. R. App. P. 47.4

point of error, appellant complains he was deprived of his constitutionally-guaranteed right to counsel when the trial court denied his request during voir dire to view records in the State's possession regarding a prospective juror's prior theft conviction. Based upon the rationale expressed below, we will affirm.

Because appellant does not challenge the sufficiency of the evidence to support his conviction, a recitation of the facts is not necessary to our disposition of this case. At the conclusion of voir dire, the State challenged for cause a number of prospective jurors, including venireman Sims, who the State claimed had a prior theft conviction. Appellant objected to the trial court excusing venireman Sims until the court determined whether the conviction was, in fact, valid. The trial court then called venireman Sims to the bench, and engaged, in pertinent part, in the following discussion:

The Court: Mr. Sims, I have some information – first of all, let me ask you this: May I have your date of birth?

Mr. Sims: 7-12-47

The Court: I've got some information going back to 1965 that may indicate that you had a theft charge in which you had $100.00 fine on. Do you have any recollection of that?

Mr. Sims: Oh yes, very definitely. I was underage, and I picked up a friend of mine.

The Court: How old were you?

Mr. Sims: Seventeen.

* * *

The Court: Did you pay a fine on it?

Mr. Sims:  I don't even remember about the fine. I just remember waking up to two cops in my living room, drinking coffee with my mother.

2

The Court: You don't need to – an explanation is not needed. It's just that our law is so clear that any sort – even a minor theft of a piece of bubble gum, if it got a conviction, it means you can't serve on a jury.

Mr. Sims: Well the Judge told me that if I served probation, that he would wipe that record clean. And I guess he did not do that. It's still coming up.

The Court: Yeah. Well, just for your own interest, you may want to go back in and try to have your record expunged. But apparently, it's still currently on there; and so, as long as it is, then you're not eligible to serve on the Jury.

Mr. Sims: Well, I can't say that – it breaks my heart, because I've got a retail operation, and I just fired someone yesterday for theft.

\* \* \*

The Court: We will excuse Juror No. 3 [Mr. Sims].

By his point of error, appellant contends venireman Sims denied he had a theft conviction; therefore, the State's withholding of the criminal history report deprived appellant of the assistance of counsel during voir dire because his attorney was not able to test the report's accuracy. Continuing, appellant asserts if venireman Sims's theft conviction was set aside upon successful completion of probation, then he was not absolutely disqualified. It follows, claims appellant, the trial court's act of dismissing venireman Sims had the effect of granting the State an extra peremptory challenge. Appellant maintains the trial court's error was "structural," thus defying a harm analysis, because of the deprivation of his right to counsel at a critical stage of the proceedings. United States v Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657, 668 (1984). We disagree.

3

The Code of Criminal Procedure provides that a challenge for cause may be had for a prospective juror who has been convicted of theft or any felony. Tex. Code Crim. Proc. Ann. art. 35.16(a)(2) (Vernon 1989). A juror with a theft conviction is absolutely disqualified and may not be empaneled even if both parties consent. Tex. Code Crim. Proc. Ann. art. 35.19 (Vernon 1989). A trial court's ruling on an absolute disqualification is a question of fact that does not require undisputable certainty. Chambers v. State, 903 S.W.2d 21, 27-8 (Tex.Cr.App. 1995). We will not disturb a trial court's ruling on an absolute disqualification absent an abuse of discretion. *Id*. at 27.

In spite of appellant's assertion to the contrary, it is clear from the record venireman Sims freely acknowledged his prior theft conviction. That venireman Sims believed the judge would "wipe that record clean" following successful completion of a probated sentence does not rise to the level of "evidence . . . which might be called conflicting." Hammond v. State, 799 S.W.2d 741, 744 (Tex.Cr.App. 1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2912, 115 L.Ed.2d 1076. Indeed, in light of venireman Sims's admission that he had a theft conviction, it was within the province of the trial court to find as an historical fact that venireman Sims had been convicted of theft for purposes of article 35.16(a)(2). *See* Frame v. State, 615 S.W.2d 766, 768 (Tex.Cr.App. 1981); *see also Chambers*, 903 S.W.2d at 28 (finding trial court did not abuse its discretion in ruling a juror was absolutely disqualified based upon juror's own testimony that he had previous felony conviction); *cf. Hammond*, 799 S.W.2d at 744 (holding in view of the absence either of an admission from the venireman that she had not been convicted of theft, or a judgment reflecting a conviction, it was within province of trial court to find venireman had not been convicted of

4

theft). Because we find it was within the trial court's discretion to grant the State's challenge for cause of venireman Sims, we fail to see how appellant's lack of access to the State's criminal history information deprived him of his right to counsel. Appellant's point of error is overruled.

Accordingly, the judgment is affirmed.

Don H. Reavis
Justice

Do not publish.